JaSHORTESS, Judge.
Ray P. Dufrene (plaintiff) filed a petition for damages against The Louisiana Lottery Corporation and GTECH Corporation (defendants).[1] Plaintiff alleged that on February 15, 1992, he attempted to purchase $100.00 worth of lottery tickets at the Shop Rite # 63 in Lafourche Parish. He alleged that in attempting to place one of the twenty Lotto play slips, the operator of the lottery computer machine was not able to obtain a lottery ticket showing the five sets of numbers he had picked; that the machine would only issue a ticket with four sets of numbers; that the operator on several occasions attempted to manually put in the fifth set of numbers plaintiff picked but again the machine would not issue a ticket for those numbers (12, 16, 24, 27, 40, and 42); that the operator placed said numbers on a separate Lotto play slip and on several occasions attempted to put this play slip into the machine to obtain a ticket with those numbers; but that the machine would not issue a ticket with said numbers.
Plaintiff also alleged that the winning numbers for the drawing on February 15, 1992, were the numbers which he attempted to pick but which were not accepted by the machine (12, 16, 24, 27, 40, and 42); that had it not been for the malfunction, he would have obtained the winning number and been a co-winner of $9,768,929.32; and that he has been damaged.
_JjjDefendants filed peremptory exceptions of no cause of action which the trial court sustained, dismissing plaintiffs suit.[2] The trial court reasoned as follows:
*357 The issue to be resolved by the court is whether an individual has a cause of action for the non-issuance of a lottery ticket with specific numbers. The Louisiana Legislature appears to have anticipated this situation by enacting LSA-R.S. 47:[9025(B)(3) ] to protect the Lottery Corporation, vendors of lottery tickets and associated entities from the staggering liability on such claims which by their nature are easily contrived and very burdensome to defend. Section [9025(B)(3) ] states in part:
“No prize shall be paid arising from claimed tickets that are stolen, counterfeit, altered, fraudulent, unissued, produced or issued in error, unreadable, not received ...”
This provision obviously contemplates the type of situation presently before the court and [precludes] Mr. Dufrene from claiming the subject lottery jackpot. The court believes that the legislative intent and public policy behind Section [9025] is to promote the integrity and security of the Louisiana Lottery. Without this protection, entities charged with the implementation and regulation of the Lottery would be hopelessly inundated with unmanageable litigation. This would defeat the revenue producing capability of the Louisiana Lottery Corporation. With this intent and policy in mind, the court feels that claims for prize money, [whether] sounding in contract, negligence, and/or strict liability, in connection with an unissued ticket are also forestalled.
Plaintiffs petition in several places alleged a ticket with the numbers he sought was not “issued.” There is no question this case involves an “unissued” ticket. Plaintiff cannot amend to allege a different set of facts because his petition concedes he is dealing with an unissued ticket. The express language of Louisiana Revised Statute 47:9025(B)(3) applies, ie.\ “No prize shall be paid arising from claimed tickets that are ... unissued...." Without possession 14pf a Lotto ticket with the winning numbers thereon, under our statutory scheme, a person cannot maintain a legal complaint.
The trial court’s decision was correct, and we affirm at plaintiffs costs.
AFFIRMED.

. This suit was originally filed in the Seventeenth Judicial District Court, Lafourche Parish. The defendants jointly filed a peremptory exception of no cause of action and a declinatory exception of improper venue which alternatively sought a transfer of the case to the Nineteenth Judicial District Court. The Lafourche Parish trial court overruled both exceptions.
Defendants sought writs of review to this court, and we granted the writ as to venue and ordered the case transferred to the Nineteenth Judicial District Court, noting that Act 198 of 1993 made venue for suits against The Louisiana Lottery Corporation exclusively East Baton Rouge Parish, and we also, for reasons of judicial economy, ordered the transfer of the entire case to East Baton Rouge Parish. We did not discuss the trial court’s ruling on the exception of no cause of action, noting that it could be reurged in East Baton Rouge Parish. See Dufrene v. The La. Lottery Corp., 92-2358 (La.App. 1st Cir. 6/21/93).

. Plaintiff amended his petition to join as defendants The Travelers Insurance Company and Shop Rite, Inc., who answered and filed an exception of no cause of action. In written reasons for judgment, the trial court stated exceptions were filed by The Louisiana Lottery Corporation *357 (Lottery), GTECH Corporation (GTECH), and The Travelers Insurance Company (Travelers). The court then stated it was granting the exceptions of Lottery and Travelers. The judgment stated the exceptions of Lottery, GTECH, Travelers and Shop Rite, Inc., were granted, and all four of them participated in the appeal.